UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**RUTH CASTRO**                                                                         **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:12CV-74-S**

**HON. JUDGE GEOFFREY MORRIS** *et al.*                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Ruth Castro, proceeding *pro se*, *in forma pauperis* has filed a complaint pursuant to 42 U.S.C. § 1983 (hereinafter § 1983) (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

In addition to stating § 1983 as the basis for this complaint, Plaintiff also includes "Human rights violations, TORT-Federal law Violations, and Social injustice" as bases for her complaint. She names retired Judge Geoffrey Morris, Judge Rebecca Ward, Metro Louisville police detective Matt Glass, and Michael McIntire, an attorney with the public defender's office in Louisville, Kentucky, as Defendants in this action. She seeks monetary damages and punitive damages, as well as for the Court to "bring this people in power...to answer to my charges"; to restore her good name and reputation in the Louisville community; direct the return of her home and small for- profit business; grant the return of her car, health, emotional stability and dignity; and for this Court to punish the criminal activity of Defendants to the maximum extent of the law including prison time if Defendants are found guilty. Attached to the complaint are two documents, a Louisville Metro Police Department Professional Standards Unit Complainant Affidavit and a copy of a letter Plaintiff wrote to Senator Mitch McConnell.

A review of the complaint and attached documents reveals many general allegations of wrongdoing, but sparse facts. Plaintiff alleges that Defendants engaged in a conspiracy against her that began when she requested Defendant Ward to remove herself from a case in which Plaintiff, who refers to herself as a Latin woman, was apparently a party and Defendant Ward was presiding. According to the complaint Plaintiff made the recusal request because of Defendant Ward's bias against Latin women. Plaintiff contends that "after the shock that 'I' (ignorant Latin women) was able to remove her," Defendant Ward enlisted the other Defendants to engage in a conspiracy to commit wrong against her.

Plaintiff alleges that after she made the recusal request she began to be harassed at her place of employment. One of her co-workers, Kelly Meany, stated that she was friends with Judge Ward and started threatening to have Plaintiff arrested. Officer Angel Davidson, according to Plaintiff also a friend of Defendant Ward and Kelly Meany, came to the store and harassed Plaintiff. He made fun of Plaintiff's clothes, accent, shoes, and breasts. Every month he made threats to have Plaintiff arrested; Plaintiff believes this behavior is connected to "what happened with Judge Ward." Plaintiff contends that she was arrested unlawfully because Defendant Glass "took a fraudulant warrant against her when he knew he had no charges." Plaintiff alleges that he took this warrant as a favor to Defendant Ward. Plaintiff contends that Defendant Glass conspired with Officer Davidson, Kelly Meany, and someone she refers to as "Robin" to harass her and have her arrested. She further contends that she lost her freedom due to a false incarceration orchestrated by retired Judge Geoffrey Morris.

Plaintiff alleges that Defendants conspired against her by "taking my freedom illegally and by excessive force in a false incarceration, false arrest, unlawful arrest, unlawful restrain

[depriving her] of [her] personal liberties of freedom." She makes allegations of coercion of false witnesses, malicious prosecution, intimidating a witness, tampering with evidence, legal malpractice, and fabrication of false charges. Additionally, Plaintiff alleges that Defendants retaliated against her after she opened up a Judicial Commission investigation against Defendant Ward and later against Defendant Glass. Plaintiff states that the Defendants engaged "in this criminal activity punishable by law actions as 'favors' and/with judge Rebecca Ward in order to advance their careers and get political favors and have engage in violating not only my Civil rights but my human rights and more as a LATIN FEMALE FROM PUERTO RICO AND US CITIZEN! To silence me as the VOICE! Of the Latin community and advocate for women and children. As is continuously and frequently done to all minorities leaders as we rise, putting us in prison, intimidating us with false charges and abuse of force and power! In order to keep us minorities silence! Without a VOICE! And proper and adequate representation."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). With respect to governmental officials, the Sixth Circuit noted:

> There is a sound reason for requiring that a civil rights action against a government official or employee state a claim in terms of facts rather than conclusions. When a government employee is sued, if no factual allegations are made, discovery and perhaps even trial may be required to demonstrate that the claim has no merit. Such activities require the government defendant and others such as government attorneys involved in defense of the claim to divert their attention from their usual activities and to become involved in the litigation to the neglect of their assigned duties.

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

In the present case, Plaintiff alleges that Defendants engaged in a conspiracy to violate her civil rights. Under § 1983 a civil conspiracy is "'an agreement between two or more persons to injure another by unlawful action.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In order to state a claim of conspiracy, Plaintiff must allege the elements that make up a conspiracy claim: that a single plan existed; that the alleged conspirators shared in the general conspiratorial objective to deprive Plaintiff of her constitutional or federal statutory rights; and that an overt act was committed in furtherance of the conspiracy that caused injury. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985).

A review of Plaintiff's complaint reveals that she has failed to meet the pleading standard required by Rule 8(a)(2) needed to state a conspiracy claim. Plaintiff's complaint is completely

devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for the alleged misconduct.  As to Defendant Morris, Plaintiff states that he orchestrated a false incarceration against her.  As to Defendant Ward, Plaintiff contends that she enlisted Defendants to engage in a conspiracy.  As to Defendant Glass, Plaintiff alleges that as a favor to Judge Ward, he took a fraudulent warrant out against Plaintiff.  As to the final Defendant in this action, Michael McIntire, Plaintiff makes no specific allegations regarding him in her complaint.  Other than these few conclusory allegations that she links to a specifically named Defendant, Plaintiff makes only general allegations that are connected to no particular Defendant and have no underlying factual support.  She provides no factual support of conspiracy other than the repeated recitation that one existed between the four Defendants.  Plaintiff's complaint contains nothing "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678.  The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570).

      Furthermore, the complaint does not connect any factual allegations to any particular constitutional violation nor does it identify how each Defendant's actions resulted in the deprivation of her constitutional rights.  To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bunn*, 604 F.3d 249, 253 (6th Cir. 2010).  A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation.  A § 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury.  *King v. Massarweh*, 782 F.2d

825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than an hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Plaintiff's complaint is void of any facts supporting a causal connection between wrongful acts on the part of Defendants and the alleged harm to Plaintiff. The "legal conclusion she makes need not be accepted as true." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555; *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011).

## IV.  CONCLUSION

Having failed to state a claim upon which relief may be granted, the Court will enter a separate order dismissing this case pursuant to 28 U.S.C. § 1915(e)(2).

Date:     June 21, 2012

                                      **Charles R. Simpson III, Judge**
                                      **United States District Court**

cc:     Plaintiff, *pro se*
       Defendants
4411.003