## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**RUTH CASTRO**                                                                                    **PLAINTIFF**

**v.**                                                                                    **CIVIL ACTION NO. 3:12CV-74-S**

**HON. JUDGE GEOFFREY MORRIS** *et al*.                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

On initial review the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff has now filed two motions requesting the Court to reconsider the dismissal of her action (DNs 15 & 16).

Although Plaintiff fails to state the authority upon which she seeks reconsideration, both of her motions were filed within 28 days of the entry of judgment in this case. Even though they were not so labeled, post-judgment motions filed within 28 days[1] of entry of the judgment that seek to alter or amend the judgment are commonly construed as being brought under Fed. R. Civ. P. 59(e). *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 68 (1982) (Marshall, J., dissenting) (per curiam); *Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Thus, the Court construes Plaintiff's motions to reconsider as being brought pursuant to Fed. R. Civ. P. 59(e).

In her first motion Plaintiff requests the Court to reconsider its decision and let her present her case. In support of her request, she states that she needs additional time to contact an out-of-state attorney to give her proper counsel; that the Court has failed to give her a chance to present her case to the best of her ability; that the injustice that occurred to her will occur to others;

---

[1] The Court notes that the time period for filing a motion to alter or amend a judgment was changed from a 10-day period to a 28-day period in 2009. *See* Fed. R. Civ. P. 59(e).

and that Defendants are people in power who are manipulating the law and have ties to the courts and government that leave her without a voice and with the expectation that her case would be dismissed.

In her second motion to reconsider, Plaintiff states that she did not file this action *pro se* out of choice, but because no attorney would represent her. Plaintiff believes no one will represent her because of the powerful positions held by Defendants. Plaintiff states that she was unaware that she would not be allowed to present her case at a later time and that she does have actual evidence and audio recordings of wrongdoing. Further, Plaintiff argues that she has a recording where Michael McIntyre, in the presence of his supervisor, misled her into filing a lawsuit against only Detective Glass and the Metro Police Department. Finally, she states that she is afraid of further harm by Defendant McIntyre and Defendant Ward.

A motion to alter or amend a judgment is committed to the discretion of the trial judge. *Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 488 (6th Cir. 2001); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The purpose of Rule 59 is to allow the district court to correct its own errors in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008); *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Thus, the request may be granted only if Plaintiff demonstrates that there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Plaintiff fails to present any basis for this Court to alter or amend its judgment. Plaintiff does indicate that she has evidence to support her case and should have a chance to present this evidence to the Court. However, Plaintiff does not state this is newly discovered evidence. "It is well established . . . that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment." *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). More importantly, Plaintiff fails to explain to the Court how the evidence to which she refers changes the conclusion that she failed to state a claim upon which relief may be granted. Plaintiff points to no intervening change in the law, other error of law, or evidence of manifest injustice that would support altering the judgment in this case. None of the information presented by Plaintiff supports a need for the Court to change its dismissal for failure to state a claim upon which relief may be granted. Her arguments are predominantly a request to have another chance to present her case to the Court. "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

For the reasons stated herein, Plaintiff's motions for reconsideration (DNs 15 & 16) are **DENIED**.

Date: September 11, 2012

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.003