# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**RUTH CASTRO**                                                                      **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:12CV-74-S**

**HON. JUDGE GEOFFREY MORRIS *et al*.**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

On initial review the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Thereafter, Plaintiff filed two motions to reconsider her case (DNs 15 & 16). On September 12, 2012, the Court entered a Memorandum Opinion and Order denying Plaintiff's motions to reconsider (DN 18). On January 7, 2013, Plaintiff filed a third motion to reconsider, and, the following day, filed a motion for hearing or oral argument (DNs 21 & 22). These new motions are presently before the Court.

In her motion to reconsider, Plaintiff states the following:

[A] new witness-Ashley Michael's from the Public Defender's Office has come forward with new information, confirming that I was being set up by my own P.D. Office Attorney in favor of Michael McIntire, Matt Glass (Metro Detective) and other's and I Recorded the conversations with this Attorney that came forward unsolicited. *judges are not Amune from civil action when violating civil Rights, Civil Liberties. Basis of civil action as a tort the unjustified detention of a person . . . This offences do not only one committed by officers, but can be people merely asserting improper legal authority to Detain-making a civil violation, in false charges that again got Dismiss as a "contract Dispute" in order to intimidate a witness (Ruth Castro) in an investigation . . . Any unlawful exercise or show of force by which a person is compelled to remain where he/she does not wish to remain. . . . P.D. Attorney in my case has taken further actions against me and now I have a witness for this Court and other Courts and Request Respectfully This Court to hear my case.

In her motion for hearing or oral argument, Plaintiff states that she is requesting a new hearing because of "[n]ew evidence of audio recordings of testimony of actions taken against me by people in position of authority." Attached to the motion for hearing is a request to re-open a state criminal action which Plaintiff indicates she intended to file in the state action. Therein she requests the state court to expunge the false charges filed against her and contends that the accuser in the criminal case lied and committed perjury.

Although Plaintiff fails to state the authority upon which she seeks reconsideration, neither the motion for reconsideration nor the motion for a hearing or oral argument were filed within 28 days of the entry of judgment in this case. Thus, the Court construes them as being brought under Rule 60 of the Federal Rules of Civil Procedure (Rule 60). *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory . . . period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment."). Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment. "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Relief under Rule 60(b) may only be granted in exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491,

502-03 (6th Cir. 2000). "Relief under Rule 60(b), moreover is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). To succeed under Rule 60(b)(2) based on newly discovered evidence, the "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quotation and citation omitted). The newly discovered evidence may not be "merely impeaching or cumulative." *Id.*

In the present case, Plaintiff fails to meet her burden under Rule 60(b). She fails to state when the new evidence upon which she relies was discovered. Plaintiff fails to set forth any facts to support that she exercised due diligence in obtaining the new evidence. Further, the motions filed by Plaintiff do not demonstrate that this newly discovered evidence upon which Plaintiff relies is material and controlling and would have resulted in a different judgment. For these reasons, Plaintiff's motion under Rule 60(b)(2) fails. Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule. *See Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) ("This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."). Plaintiff also fails to present extraordinary circumstances which would allow relief under Rule 60(b)(6).

Accordingly, Plaintiff's motion to reconsider (DN 21) and her motion for hearing or oral argument (DN 22) are **DENIED**.

Date: May 28, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4411.003