# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

RUTH CASTRO                                                                                     PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:12CV-74-S

HON. JUDGE GEOFFREY MORRIS *et al*.                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are two letters (DNs 25 & 26) and two motions (DNs 27 & 28) filed by Plaintiff. The Court construes the letters (DNs 25 & 26) as motions to reconsider.

*Motions To Reconsider, DNs 25, 26 & 27*

This is the third time that the Court has addressed motions to reconsider filed by Plaintiff. With these new motions, Plaintiff has filed two CDs which she contends support her allegations of "unethical, illigal, criminal actions" taken against her predominately by Patty Echsner and Michael McIntyre of the "PD Office." She asks the Court to listen to the CDs and to reopen her case.

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment. "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Relief under Rule 60(b) may only be granted in exceptional circumstances. *McAlpin v. Lexington 76*

*Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "Relief under Rule 60(b), moreover is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). To succeed under Rule 60(b)(2) based on newly discovered evidence, the "movant must demonstrate (1) that [she] exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (quotation marks and citation omitted). The newly discovered evidence may not be "merely impeaching or cumulative." *Id.* In the present case, Plaintiff fails to meet her burden under Rule 60(b). She fails to state when the new evidence upon which she relies was discovered. Plaintiff fails to set forth any facts to support that she exercised due diligence in obtaining the new evidence. Further, the motions and CDs filed by Plaintiff do not contain material and controlling evidence that would have resulted in a different judgment. For these reasons, Plaintiff's motion under Rule 60(b)(2) fails.

Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule. *See Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989) ("This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."). Plaintiff also fails to present extraordinary circumstances which would allow relief under Rule 60(b)(6).

Accordingly, Plaintiff's motions to reconsider (DNs 25, 26 & 27) are **DENIED**.

*Motion To "File exibit of," DN 28*

Plaintiff has filed a motion with this Court in which she describes a "suspicious white van [with] Back Tinted window park in Back of my 'now' home." According to Plaintiff the people in the van watched her house, and when Plaintiff went outside "they move slowly like to intimidated me, passing the Back of the house . . . ." This encounter disturbed Plaintiff enough to compel her to call the police. However, the police arrived after the van left. Plaintiff states that she has unsuccessfully requested video from a nearby school. She further states, "I am Respectfully informing the court of this activity for my families protection as well as my protection."

As Plaintiff has no pending action in this Court and this Court is without jurisdiction over the matter described in Plaintiff's motion, the motion (DN 28) is **DENIED**.

Date: September 11, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4411.003

3